MARC APPLBAUM, ESQ. SBN# 222511
MIDWAY LAW FIRM APC
4275 Executive Square Suite 200
La Jolla, CA 92037
Telephone: 1-877-5-midway

Email: marc@midwaylawfirm.com

Attorney for PLAINTIFF GREGORY MIRANDA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RYAN MIRANDA<br><br>PLAINTIFF,<br><br>vs.<br><br>LONG BEACH POLICE DEPARTMENT, RUDY RODRIGUEZ, BRANDON MURPHY, OFFICER ROMERO, ROBERT GUZMAN LUNA in their individual capacity and as Long Beach Police Officers, John and Jane DOES 1-50, INCLUSIVE,<br><br>DEFENDANTS. | Case Number:<br><br>**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF WITH JURY DEMAND FOR 42 USC § 1983** |

## Jury Demand

1. This action seeks money damages because of Long Beach police officers participation in private parties' wrongful deprivation of Plaintiff's property. Plaintiff alleges that all of the DEFENDANTS acted under color of state law and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff also brings two state law claims pursuant to this Court's supplemental jurisdiction.

## Jurisdiction

2. This Court has jurisdiction over Plaintiff's federal claim under Rule 8(a) FRCP and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's second and third claims, which are based on state law, under 28 U.S.C. § 1367 and that an exhaustion of administrative remedies is not required.

3. Venue in the United States District Court for the Central District of California-Los Angeles Division is proper pursuant to 28 U.S.C. § 1391.

## Parties

4. Gregory Ryan Miranda (herein referred to as PLAINTIFF) is an individual that resides in Long Beach, California.

5. Long Beach Police Department (herein referred to as DEFENDANT) is a duly chartered organization in the City of Long Beach, California.

6. RUDY RODRIGUEZ and BRANDON MURPHY are police officers (herein referred as "DEFENDANT POLICE OFFICERS) employed by the DEFENDANT and at all times mentioned herein, acted on their own and at the direction of the DEFENDANT and in concert with other DEFENDANTS under color of state law.

7. DOES 1-50 are employees of the DEFENDANT and other government agencies in concert with the DEFENDANTS and under color of state law.

8.    LONG BEACH POLICE DEPARTMENT is the local governmental unit for which DEFENDANTS worked at all times relevant hereto.

### Facts

9.    On or about August 5, 2019, DEFENDANT OFFICER ROMERO came to PLAINTIFFS residence about complaints of loud music and made false allegations against the PLAINTIFF for allegedly damaging the automobile of Jeffrey Kruger (that is a defendant in a pending civil action )and damaged his cell phone for videotaping the incident in violation of the Bane Civil Rights Act in accordance to California Civil Code 52.1

10.    On or about August 5, 2010, DEFENDANTS used excessive force as response to a news article on the internet that left the PLAINTIFF injured with an eye injury to his retina and in a wheelchair. When the DEFENDANTS arrived at PLAINTIFFS residence they choked him causing a loss of oxygen, smashed his leg in the door and was threatened to take his video off YouTube.

11.    At all times material, DFENDANTS failed to protect PLAINTIFF and his family for restraining order violations by Mary Farretta, who is the PLAINTIFF's landlord in an active unlawful detainer.

12.    The Bane Civil Rights Act authorizes suit against anyone who by threats, intimidation, or coercion interferes with the the exercise or enjoyment of rights secured by the state or federal Constitutions.

13.    On or about December 30, 2020, Long Beach Police Officer Gludt retaliated by striking the wife of the PLAINTIFF in the abdomen injuring her uterus while she was pregnant while Long Beach Officer Brandon Murphy. ("DEFENDANT MURPHY") threatened the PLAINTIFF to "stay off the streets" as the PLAINTIFF construed to be a real and actionable threat.

14.    Wherefore, PLAINTIFF prays for relief as set forth fully below.

## **FIRST CAUSE OF ACTION**

42 U.S.C. § 1983--Against All DEFENDANTS

15. PLAINTIFF incorporates the preceding paragraphs by reference as if fully rewritten herein.

16. DEFENDANTS at all times relevant to this action were acting under color of state law.

17. DEFENDANTS unlawfully deprived Plaintiff of his property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

18. DEFENDANTS made an unreasonable and warrantless seizure of Plaintiff's personal property in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States

19. At all times relevant hereto, DEFENDANTS acted pursuant to a policy or custom of depriving PLAINTIFF of personal property without court order and without providing an opportunity for the debtor to be heard.

20. DEFENDANTS failed to adopt clear policies and failed to properly train its deputies as to the proper role of officers in private disputes such as repossession.

21. DEFENDANTS policy or custom, and its failure to adopt clear policies and failure to properly train its deputies, were a direct and proximate cause of the constitutional deprivation suffered by PLAINTIFF.

Wherefore, PLAINTIFFS pray for relief as set forth fully below.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT
### (Against all DEFENDANTS)

22. PLAINTIFFS hereby incorporate the entirety of the above and below allegations as if fully set forth hereunder.

23. PLAINTIFFS seek a declaratory judgment from the Court as to each and every alleged cause of action in this Complaint and all DEFENDANTS have violated multiple California and federal laws.

24. An actual, present and justiciable controversy has arisen between the PLAINTIFFS and DEFENDANTS, PLAINTIFFS seek a declaratory judgment from this Court based on the intentional and willful pattern of illegal conduct by all of the DEFENDANTS in violation of the United States Treaties and laws.

25. PLAINTIFFS seek a declaratory judgment under Rule 57, F.R.C.P. as the existence of another remedy does not preclude a declaratory judgment in favor of the PLAINTIFFS that is appropriate as it will terminate the controversy whether the constitutional rights of the PLAINTIFFS were violated by the DEFENDANTS.

26. PLAINTIFFS request relief for a declaratory judgment as a summary proceeding to prevent a miscarriage of justice.
    a. Additionally, PLAINTIFFS request that this Court issue a declaratory judgment in favor of the PLAINTIFF *sua sponte* as permitted under Rule 57.

Wherefore, PLAINTIFFS pray for relief as set forth fully below.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS respectfully pray for the following relief:

   A.   On his first claim, a judgment for compensatory damages and punitive damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against all DEFENDANTS;

   B.   An award of costs and expenses against the DEFENDANTS;

   C.   An award of all medical costs incurred;

   D.   A jury trial on all appropriate issues; and

   E.   Any order of further relief as the Court deems just and proper.

Respectfully submitted:

August 2, 2021

s/s Marc Applbaum

Marc Applbaum, Esq.
MIDWAY LAW FIRM APC
Attorney for PLAINTIFF

## VERIFICATION

I, Gregory Miranda am the PLAINTIFF in the attached Complaint. Upon information and belief, I avow that the facts herein are within my knowledge and to the contents thereof. The same is true of my knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters are believed to be true.

I declare under penalty of perjury that the foregoing allegations true and correct and that this Verification was executed in San Diego, California.

DATED: August 3, 2021       /s/ Gregory Miranda

Gregory Miranda